Commonwealth, Appellant, *v.* Whiting.

Argued September 11, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Vram Nedurian, Jr.,* Assistant District Attorney, with him *William R. Toal, Jr.,* First Assistant District Attorney, and *Stephen J. McEwen, Jr.,* District Attorney, for Commonwealth, appellant.

*R. Barclay Surrick,* Assistant Public Defender, for appellee.

OPINION BY WATKINS, J., November 13, 1969:

This is an appeal by the Commonwealth from the Order of the Court of Common Pleas of Delaware County, Criminal Division, granting a new trial to the appellee after a trial resulted in a verdict of guilty on all charges. The defendant, Charles Edward Whiting, was arrested on October 3, 1967, for robbery, larceny and receiving stolen goods, carrying concealed deadly

weapon and pointing deadly weapon. On October 4, 1967, a lineup was conducted at which lineup the victim identified the defendant. The defendant was not represented by counsel at the lineup. On January 15, 1968, a hearing was held before Judge LIPPINCOTT on a motion to suppress the identification and testimony regarding the lineup. After the hearing the court orally entered the following order: "We, therefore, rule that any testimony pertaining to identification at the said line-up is inadmissible as part of the Commonwealth's case; without prejudice to the Commonwealth's right, however, should the question be raised by the defendant at the trial."

On March 25, 1968, the case was called for trial and this same date transcribed notes of testimony and the order were filed by the court stenographer. Said notes of testimony were not at that time approved by the court and contained an erroneous quotation of the order and handed down by the court as follows: "We therefore rule that any testimony pertaining to identification at the lineup is inadmissible as part of the Commonwealth's case, without prejudice to the Commonwealth, the question should not be raised by the defendant at trial."

The defendant was represented by the same attorney at the suppression hearing on January 15, 1968, and at the trial on March 25, 1968. The attorney was present when the court handed down the order in the suppression hearing, but now alleges that he relied on the order as contained in the notes of testimony of the suppression hearing which had not been approved by the court. As a result of this reliance, counsel for the defendant alleges that no question was raised at the time of trial with regard to the lineup identification nor the inconsistencies contained in the evidence given at the suppression hearing. He treats this reliance on

his part as a denial to the defendant of his right to cross-examination during the trial. The court below accepted this contention by the defendant and it was on this basis a new trial was granted.

There is apparently no denial on the part of the defendant that the order as entered after the suppression hearing was made within the hearing of the defendant and his counsel. In fact, the order is contained in the unapproved notes of the suppression hearing on its face indicates an error on the part of the stenographer wherein the Commonwealth was ordered not to offer any testimony pertaining to the identification in the lineup and then goes on to say without prejudice to the Commonwealth. This order would be inconsistent with the latter part of the order as relied on by attorney for the defendant that the defendant should not raise the question on cross-examination at trial.

The record is abundantly clear that the victim who testified at the suppression hearing and at the trial did not base his identification of the defendant upon the lineup and stated clearly that he would never forget those eyes and had ample opportunity to observe the defendant at the time of the robbery and his identification is corroborated by his description of the defendant's clothing, his glasses, and the automobile owned and used by the defendant. The record does not sustain defendant's contention that the trial judge erred in permitting the victim to testify as to identification of the defendant at the time of trial and quite obviously the judge at the hearing for the suppression of the lineup identification did not improperly instruct counsel not to raise the issue of lineup identification at the time of the hearing of the case. It does not follow as a hard and fast rule that where lineup testimony has been suppressed, and therefore cannot be introduced at

96

the time of trial, that this per se excludes courtroom identification. *U.S. v. Wade,* 388 U.S. 218, 87 S. Ct. 1926 (1967).

Any error committed at trial was by the defendant and appears from the record was indeed harmless so that the grant of a new trial by the court below was unwarranted.

The order of the Court of Common Pleas of Delaware County, Criminal Division, is reversed and the defendant ordered to appear for sentencing.

JACOBS and HOFFMAN, JJ., dissent.